UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| COMANCHE TRAIL PIPELINE, LLC<br>*Plaintiff,* | § § § | |
| v. | § § | No. 3:16-CV-444 |
| EL PASO COUNTY WATER<br>IMPROVEMENT DISTRICT NO. 1,<br>*Defendant,*<br>and | § § § § § | |
| THE UNITED STATES OF AMERICA,<br>*Intervenor.* | § § § | |

**PLAINTIFF, COMANCHE TRAIL PIPELINE, LLC'S ORIGINAL ANSWER TO INTERVENOR, UNITED STATES' COUNTERCLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Comanche Trail Pipeline, LLC ("Comanche") in the above styled lawsuit and files this its Original Answer to Intervenor, United States' Counterclaims filed contemporaneously with Intervenor's Answer on November 17, 2016, and would show the Court as follows:

**I. ORIGINAL ANSWER**

**A. Not Guilty**

Comanche is not guilty of any injury complained of in the Answer and Counterclaims filed by Intervenor.

**B. Counterclaims**

1. Comanche admits the allegations contained in Paragraph 1 of Intervenor's counterclaims.

2. Comanche admits the allegations contained in Paragraph 2 of Intervenor's counterclaims.

3. Comanche denies the allegations in Paragraph 3 of Intervenor's counterclaims. Comanche does not believe this Court has subject matter jurisdiction, and believes that Intervenor's removal to federal court was improper.

4. Comanche admits Paragraph 4 of Intervenor's counterclaims, only to the extent that venue is proper in El Paso County, because that is where the property Comanche seeks to condemn is located.

5. Comanche admits Paragraph 5 of Intervenor's counterclaims.

6. Comanche admits Paragraph 6 of Intervenor's counterclaims, with the caveat that the pipeline is approximately 192 miles in length.

7. Comanche admits Paragraph 7 of Intervenor's counterclaims.

8. Comanche lacks sufficient knowledge or information to determine the truth of the first and the second sentence of Paragraph 8 of Intervenor's counterclaims. Comanche admits the third sentence of Paragraph 8 of Intervenor's counterclaims.

9. Comanche lacks sufficient knowledge or information to determine the truth of Paragraph 9 of Intervenor's counterclaims.

10. Comanche admits Paragraph 10 of Intervenor's counterclaims.

11. Comanche denies Paragraph 11 of Intervenor's counterclaims. In 1996, the Bureau of Reclamation, on behalf of the United States of America, conveyed to El Paso County Water Improvement District No. 1 certain land and facilities, retaining for the United States certain permanent easement rights in the waterways. In that conveyance, the Intervenor did not

reserve any fee or surface ownership in the property at issue in this condemnation litigation. Intervenor has no real possessory interest in the property subject to this litigation.

12. Comanche lacks sufficient knowledge or information to determine the truth of Paragraph 12 of Intervenor's counterclaims.

13. Comanche lacks sufficient knowledge or information to determine the truth of Paragraph 13 of Intervenor's counterclaims.

14. Comanche admits in part and denies in part Paragraph 14 of Intervenor's counterclaims. Comanche denies that it trespassed on land belonging to the US without authorization. Comanche had consent of various government agencies to construct its pipeline. Comanche was in legal possession of the property at issue pursuant to Section 21.021 of the Texas Property Code. Additionally, the US does not own the land Comanche entered upon, but at most holds a non-exclusive easement interest in lands not even affected by the subject pipeline. Comanche admits it had permission from FERC and the International Boundary and Water Commission (IBWC) to cross the border between Texas and Mexico.

15. Comanche denies Paragraph 15 of Intervenor's counterclaims. Comanche has legally and with due process condemned a non-exclusive easement across property owned by El Paso County Water Improvement District No. 1. Comanche denies that it seized, assumed, or exercised dominion or control over property belonging to Intervenor and in fact, as is clear from Comanche's live pleading, has asserted no claim against Intervenor. Under law, conversion applies only to personal property, not real property which is the type of property at issue in this litigation. Intervenor has failed to describe or allege what personal property Comanche has taken from it, and Comanche denies converting any such property.

16. Comanche denies Paragraph 16 of Intervenor's counterclaims. Comanche denies that it has unlawfully and without authorization removed groundwater belonging to the United States.

## C. Affirmative and Other Defenses

Answering further, Comanche asserts the following affirmative defenses.

### FIRST DEFENSE

This Court does not have subject matter jurisdiction to adjudicate the issues at hand.

### SECOND DEFENSE

Intervenor fails to state a claim against Comanche upon which relief can be granted.

### THIRD DEFENSE

Comanche pleads that as a condemnor in lawful possession of the easements pursuant to Texas Property Code Section 21.021, and as a transporter of natural gas for the public, and as such imbued with public purpose and necessity as recognized by the Texas legislature, it cannot be a trespasser. Further and alternatively, Intervenor neither pled nor shown no ownership of any interest in the lands at issue in this case that would or could give Intervenor any standing to assert a trespass claim, and has neither pled nor shown any interference with any alleged property right that would or could give rise to a trespass claim.

### FOURTH DEFENSE

Comanche pleads the rule of capture which precludes any claim for conversion of subsurface waters, and that Intervenor has neither pled nor shown any interest subsurface water that would or could give Intervenor any standing to assert a conversion claim

## III. PRAYER

WHEREFORE PREMISES CONSIDERED, Comanche requests that the Court: (a) enter judgment finding: (1) Intervenor has no ad judicable interest in this suit; (2) Intervenor's claims of trespass are wrongful and without justification; (3) Intervenor's claims of conversion are wrongful and without justification, (b) Intervenor takes nothing from Comanche; (c) and grant all further and other relief to which Comanche may be justly entitled to receive.

Respectfully submitted,

ZABEL FREEMAN

_____
Thomas A. Zabel
State Bar No. 22235500
James A. Freeman
State Bar No. 00796580
Nancy H. Elliott
State Bar No. 08701240
Victoria A. Whitelaw
State Bar No. 24093355
1135 Heights Blvd.
Houston, Texas 77008
(713) 802-9117 – telephone
(713) 802-9114 – facsimile
tzabel@zflawfirm.com

**RAY, MCCHRISTIAN & JEANS, P.C.**
David S. Jeans
State Bar No. 10597400
5822 Cromo Dr.
El Paso, Texas 79912
(915) 832-7200 – telephone
(915) 832-7333 – facsimile
djeans@rmjfirm.com

**COUNSEL FOR PLAINTIFF,
COMANCHE TRAIL PIPELINE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served via electronic filing and certified mail on the following counsel of record, this 8th day of December, 2016:

Kristy K. Callahan
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
kristy.callahan@usdoj.gov

James M. Speer, Jr.
300 E. Main St., Suite 1032
El Paso, Texas 79901
jmspeer@htg.net

                                              /s/ Thomas A. Zabel
                                              Thomas A. Zabel